UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 97–1522.

United States Court of Appeals, District of Columbia Circuit.

Argued April 23, 1998.

Decided June 26, 1998

---

Robin M. Richardson, Attorney, United States Department of Justice, argued the cause for the petitioner. Frank W. Hunger, Assistant Attorney General, and William Kanter, Deputy Director, United States Department of Justice, were on brief.

David M. Smith, Solicitor, Federal Labor Relations Authority, argued the cause for the respondent. Sarah Whittle Spooner, Attorney, Federal Labor Relations Authority, was on brief. William R. Tobey, Deputy Solicitor, Federal Labor Relations Authority, entered an appearance.

Before: WILLIAMS, HENDERSON and GARLAND, Circuit Judges.

KAREN LECRAFT HENDERSON, Circuit Judge:

■ The Federal Aviation Administration (FAA) of the Department of Transportation petitions for review of a decision of the Federal Labor Relations Authority (FLRA, Authority) and the FLRA cross-applies for enforcement. The challenged decision declared negotiable a proposal by the National Association of Government Employees, Local 3R–10 (Local) that "Air Traffic Assistants" (Assistants) be eligible for free travel on commercial airlines under the FAA's "national standardized familiarization program." The FAA took the position before the FLRA that the proposal, as revised during the FLRA proceeding, violated government-wide regulations prohibiting executive branch employees from accepting gifts. Without addressing the FAA's contention, the FLRA held the proposal negotiable on the ground that the FAA failed to offer specific arguments and regulations to the Authority. We review the FLRA's negotiability decision "in accordance with the standards established in the Administrative Procedure Act, 5 U.S.C. § 706," and therefore "we must reverse the Authority's negotiability decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' 5 U.S.C. § 706(2)(A)." *NLRB v. FLRA*, 2 F.3d 1190, 1197 (D.C.Cir.1993) (internal case citations omitted). Because we conclude the FAA sufficiently apprised the FLRA of its position and supporting regulations, we hold that it was arbitrary and capricious for the Authority to refuse to address the substance of the FAA's objection to the revised proposal. Accordingly, we grant the FAA's petition for review and remand to the Authority for consideration of the merits of the parties' negotiability arguments.

On October 23, 1995 the Local, which represents Assistants employed by the FAA, submitted for negotiation a "Liaison and Familiarization Travel" proposal that made Assistants eligible to participate in the national standardized familiarization program, previously open only to Air Traffic Controllers. The proposal purported to "recognize the desirability of familiarization flying as a training program and that it is intended solely to acquaint bargaining unit personnel with the cockpit environment and to enable them to observe the operation of the air traffic system first hand." Joint Appendix (JA) 12. Under the proposal, each Assistant was entitled to one free international and eight free domestic round-trip flights per year, as "on-the-job-training," to be approved by the FAA "for approved leave days, regular days off and for duty days in any combination." JA 14–15. The proposal further required the FAA to "make every effort to allow familiarization flights to be conducted on duty time,"

JA 14, and provided that "[a]n employee traveling on such a flight on his/her regularly assigned duty day [would] receive[ ] the same premium pay he/she would have received had he/she worked his/her regular shift," JA 15.

The FAA refused to negotiate the proposal, contending it was "outside the duty to bargain because it interferes with management's right to assign work." JA 17. The Local petitioned the FLRA to review the FAA's non-negotiability allegation and the FAA again raised the management rights objection. In reply the Local submitted to the Authority a revised proposal from which it had deleted all reference to training, pay and travel during duty time (except when duties are assigned at the trip's outbound duty destination). The Local characterized the "proposals at issue" as "distinct from proposals previously ruled on by the Authority," and found to interfere with management rights, in that (1) they "do not require the use of official time or expenditure of Agency funds," (2) "familiarization flights would be provided to [Assistants] on approved leave days and regular days off" and (3) "[d]uty time would be used only when the Agency assigns duties at the outbound destination." JA 36–37. Thus, the Local asserted, the revised proposal would "not interfere with management's right to assign work," JA 37, but merely "would provide to Air Traffic Assistants represented by the Union equitable conditions of employment as other air traffic employees of the Agency," which "include familiarization with the operation of the aircraft equipment and communications from the flight crews [sic] perspective" as well as "the benefit of free air travel," JA 36.

In response to the revised proposal, the FAA filed a "Supplemental Statement of Position," objecting as follows to the revised proposal:

> Executive Order 12574 as modified by EO 12731 and 5 CFR 2635.01 et. [sic] seq., Standard of Conduct for Employees of the Executive Branch, a government-wide regulation prohibits the acceptance of gifts by federal employees. Deleting all references to the [Liaison and Familiarization Travel] program as a training programs [sic], results in allowing the [Assistants] to accept

free air travel for personal use. Free air travel for personal use is considered a gift prohibited by the Standards of Conduct for Emloyees [sic] of the Executive Branch. The Union's proposal is contrary to government-wide regulations within the meaning of 5 U.S.C. section 7117(a)(1) and is therefore non-negotiable.

JA 48A. In a "Supplemental Response" the Local countered that the revised program "would no more constitute a gift for [Assistants] than it does for any other employee of the Agency." JA 50.

In a brief decision dated June 30, 1997 the FLRA ordered the FAA to negotiate the revised proposal, concluding that the FAA's "bare assertion that the proposal conflicts with a Government-wide regulation ... does not establish that the proposal is outside the duty to bargain." JA 54. Reciting that the FAA's supplemental response "cites only to the Executive Order and its implementing regulations, the Standards of Ethical Conduct for Employees of the Executive Branch," "does not cite any specific section of either the Executive Order or the regulations in support of its contention that the Union's proposal conflicts with Government-wide regulation" and "does not offer any arguments establishing a basis for its contention," the FLRA asserted the FAA had failed to carry its "burden of creating a record upon which the Authority can make a negotiability determination." JA 53–54. To the contrary, we find the argument and supporting authority in the FAA's Supplemental Statement of Position sufficiently places the FAA's negotiability objection before the Authority.

The Federal Service Labor–Management Relations Act requires a federal agency to negotiate conditions of employment with the recognized exclusive representative of its employees. 5 U.S.C. §§ 7114, 7117; *see United States Dep't of Hous. & Urban Dev. v. FLRA*, 964 F.2d 1, 2 (D.C.Cir.1992). The duty to negotiate exists, however, only "to the extent not inconsistent with any Federal law or any Government-wide rule or regulation." 5 U.S.C. § 7117(a)(1). In its Supplemental Statement of Position, the FAA stated its argument clearly, if succinctly: "Free air travel for personal use is considered a gift

**1428**

prohibited by the Standards of Conduct for Emloyees [sic] of the Executive Branch" and thus "[t]he Union's proposal is contrary to government-wide regulations within the meaning of 5 U.S.C. section 7117(a)(1) and is therefore non-negotiable." JA 48A. While the FAA miscited two of the sources for the anti-gift regulations (citing to Exec. Order No. 12,574 and 5 C.F.R. § 2635.01 instead of to Exec. Order No. 12,674 [1] and 5 C.F.R. § 2635.101 or § 2635.201, respectively) [2] and failed to cite specific subsections within the regulations, its position and authority are easily understood. The regulations on which the FAA relied are neither obscure nor difficult to locate. The FLRA apparently had little trouble identifying not only the specific language prohibiting solicitation or acceptance of gifts but also various provisions creating exceptions to the general prohibition. *See* JA 54 n.2 (portion of order discussing possible applicability of exceptions to anti-gift rule). [3] We are at a loss therefore to understand why the Authority declined to

address the argument squarely put before it. It is true that an agency has a duty to "direct the Authority's attention, with as much specificity as possible, to the statutes and regulations relevant to an agency's duty to bargain" and "should not expect the Authority, *sua sponte*, to locate, analyze and apply all arguably pertinent regulations from the myriad of federal regulations governing the numerous federal agencies within the Authority's jurisdiction." *National Fed'n of Fed. Employees, Local 1167 v. FLRA,* 681 F.2d 886, 891 (D.C.Cir.1982); *see also* 5 C.F.R. § 2424.6(a)(2). [4] But when the agency, as here, has borne its burden and squarely presented an argument to the FLRA, the Authority cannot shirk its own duty to decide the issue before it. [5] *Cf. Department of Treasury v. FLRA,* 762 F.2d 1119, 1122 (D.C.Cir. 1985) (concluding that conflict-with-government-wide-regulation issue "was presented to the Authority with sufficient clarity to make it proper for consideration on review," in spite of agency's failure to cite conflicting

1. Executive Order 12,674, 54 Fed.Reg. 15,159 (1989), as modified by Executive Order 12,731, 55 Fed.Reg. 42,547 (1990), provides:

   An employee shall not, except pursuant to such reasonable exceptions as are provided by regulation, solicit or accept any gift or other item of monetary value from any person or entity seeking official action from, doing business with, or conducting activities regulated by the employee's agency, or whose interests may be substantially affected by the performance or nonperformance of the employee's duties.
   Exec. Order No. 12,731, § 101(d), 55 Fed.Reg. at 42,547.

2. Sections 2635.101–107 constitute "Subpart A" ("General Provisions") of the "Standards of Ethical Conduct for Employees of the Executive Branch." Section 2635.101 provides in part:

   An employee shall not, except as permitted by subpart B of this part, solicit or accept any gift or other item of monetary value from any person or entity seeking official action from, doing business with, or conducting activities regulated by the employee's agency, or whose interests may be substantially affected by the performance or nonperformance of the employee's duties.
   Sections 2635.201–205 constitute Subpart B ("Gifts from Outside Sources"). . Section 2635.202 provides:
   General prohibitions. Except as provided in this subpart, an employee shall not, directly or indirectly, solicit or accept a gift:
   (1) From a prohibited source; or

   (2) Given because of the employee's official position.
   5 U.S.C. § 2635.202(a). Section 203 defines "prohibited source" to include "any person who ... Conducts activities regulated by the employee's agency." 5 C.F.R. § 203(d)(3).

3. We do not endorse the suggestion, implicit in footnote 2 of the FLRA decision, that an agency bears the burden not only of making its own case but also of anticipatorily rebutting all possible counterarguments.

4. Section 2424.6 requires that, after a petition for review of an agency allegation of non-negotiability has been filed with the FLRA, the agency file a statement either (1) "[w]ithdrawing the allegation that the duty to bargain in good faith does not extend to the matter proposed to be negotiated" or (2) "[s]etting forth in full its position on any matters relevant to the petition which it wishes the Authority to consider in reaching its decision, including a full and detailed statement of its reasons supporting the allegation" and "cit[ing] the section of any law, rule or regulation relied upon as a basis for the allegation." 5 C.F.R. § 2424.6(a)(2).

5. Even when the agency falters, "the Authority plainly is not foreclosed from making an independent inquiry into the law relevant to each agency's exercise of management rights." *National Fed'n of Fed. Employees,* 681 F.2d at 891. The FLRA seems to have undertaken just such an inquiry here with regard to possible exceptions to the anti-gift rule. *See* JA 54 n.2.

regulation where regulation was "well known" and not "obscure, technical provision of civil service law"). Moreover, if the FLRA found the FAA's submission too oblique for resolution, it should at least have requested additional briefing from the FAA, *cf.* 5 C.F.R. § 2424.8, or held a hearing, *see* 5 C.F.R. § 2424.9, to probe the matter further rather than simply refuse to address the argument.

For the preceding reasons, we grant the FAA's petition for review, deny the FLRA's application for enforcement and remand to the FLRA to address the negotiability of the revised proposal.

*So ordered.*